WALLACE (BROWNSON v.).  See Case No. 2,042.

=====

## Case No. 17,098.

### WALLACE v. CLARK.

[3 Woodb. & M. 359.] [1]

Circuit Court, D. Massachusetts.  Oct. Term, 1847.

PLEAS TO THE JURISDICTION—DILATORY PLEAS—RULES OF COURT.

1. A plea to the jurisdiction on the ground that a demand has been colorably assigned in order to evade a discharge under the insolvent law, is not to be treated as dilatory and captious, like some pleas in abatement.

2. For good reasons and on proper terms, the rules made by this court may be varied or dispensed with, so as to allow a longer time to file such pleas.

3. It may be otherwise with rules made for this tribunal by the supreme court, or any made by statutes for any court.

This was an action of assumpsit on a promissory note, the plaintiff [William Wallace] being called a citizen of New Hampshire, and the defendant [William E. Clark] a citizen of Massachusetts, and this court, therefore, hav-

---

[1] [Reported by William P. Mason, Esq.]

[1] [Reported by Charles L. Woodbury, Esq., and George Minot, Esq.]

ing on the face of the record, jurisdiction of the case. No pleas had been filed on the 5th of November, the term having commenced on the 15th of October. On the former day, the defendant moved for time till the next term to file a special plea in abatement to jurisdiction of the court, and other special pleas in bar. The ground of these pleas was a supposed collusive transfer of the note to the plaintiff, from a person belonging to Massachusetts, and still the owner of the note, with a view to bring an action in the name of a person resident in another state, and thus obtain an undue advantage over other citizens of Massachusetts, by attaching and holding the property exempt from distribution, under the insolvent system of this state. Property had been attached by the writ in this case, and the defendant had since gone into insolvency.

Mr. Bigelow, for defendant.
Mr. Fabyan, for plaintiff.

WOODBURY, Circuit Justice. The exception wished to be raised being to our jurisdiction, is one resting on substance, and not mere form. In substance it is, therefore, not strictly dilatory, or in abatement, though such in form, nor is it to be discountenanced like mere dilatory pleas, as it tends to prevent a party from further prosecuting his action by a colorable assignment to a third person, and to the injury of others like himself, when all are citizens of this state, and entitled only to an equal distribution of the debtor's estate. But the plea has not been filed, within the time fixed by our rules, which is two days from the commencement of the term, for pleas in form in abatement.

The eighth law rule made by and for this circuit court is, "All pleas in abatement and to jurisdiction shall be filed in court within two days after the entry of the action, and not afterwards." By rule 15th, special pleas are to be filed in seven days from the entry.

It is argued by the counsel for the plaintiff, that this court possesses no power to dispense with these rules on any terms, or for any cause. In support of this are cited Hines v. Dean, 8 Pet. [33 U. S.] 269; Thompson v. Hatch, 3 Pick. 515; and 5 Pick. 188. But I see nothing in these cases which settles the law in that way. In Thompson v. Hatch, 3 Pick. 512, it was held only that one judge could not dispense with rules made under a statute by the whole court, nor could the whole court dispense with a rule or order prescribed unconditionally by a statute itself. See, also, 14 Mass. 134. So, in Bank of U. S. v. White, 8 Pet. [33 U. S.] 269, the question arose under rules prescribed by the supreme court of the United States to the circuit courts in equity. But even there, it seems to be implied that the circuit courts might enlarge the time prescribed for an answer. And the 89th of these rules expressly authorizes the several circuit courts to alter or add to that kind of rules made by the su-

preme court, if not prescribing what is inconsistent with them.

The rule now under consideration is, however, one made by this court itself, for its own common law practice. It comes, therefore, under the principle of none of these adjudged cases, but raises the question simply, whether any court making rules for its own convenience and the benefit of suitors, cannot dispense with them in any case for good cause shown, and on proper terms. This is not abrogating them entirely, nor suspending them without a sufficient reason, and without full indemnity to the opposite side, and consequently such a course, instead of destroying or proving the inability of rules, tends to establish their general excellence, and confirms them as the general guide, and allows no departure from them without ample cause. If courts could not, in cases of accident or necessity. with a view to reach the truth, give relief or indulgence on making the other party indemnity for the delay, our rules would be worse than any principles of the law in common cases, which are often relieved against in equity, and sometimes at law in the event of accident and mistake. On the contrary, such rules are mere engines to promote convenience in business, and when, from any peculiarity, they require to be suspended or waived in order to promote justice, the power which made them can and ought to suspend them.. This is done daily in all courts, as to their own rules, made by themselves, in enlarging time to plead, and curing other difficulties. So it is done in all legislatures, as to their own rules. The mistake on this subject probably arises from not discriminating critically between rules adopted by a statute, like the articles or rules of the war department, or certain rules and general orders for courts in some particulars, about pleading and practice, as by statute of 3 Wm. IV., and to be reported to court, and which cannot be waived, and those made or adopted merely by the same court, which is asked for good reasons to dispense with them, and which may be waived by them on proper reasons and terms. See cases in 14 Law J. 141, and 9 Jur. 122. And again. in not discriminating between rules or general orders made by the court administering them, and those made by law by one tribunal or commission to guide others, and which others have no more authority to amend or waive, them, than they have to amend or waive a statute.

At this time in England most of the general rules for all courts are made under the statute passed in 1834, and by judges from each of the courts, and are intended to be uniform and binding on the whole. 1 Spence, Eq. Jur. 253. These, therefore, cannot be departed from by any one of the courts alone. There is, also, a class of rules, temporary, rather than permanent, and there is a class of the latter made by the court administering them, without any special statute, but for its own convenience, like these under considera-

tion. These are at times modified merely by a long practice in opposition to them. 9 Jur. 543. They can, also, be dispensed with, or the time enlarged under them on some "evident necessity," or in "cases of urgency," to use the language of 1 Tidd, Prac. 456. But this is usually granted only on terms, if desired by the other party. Id. Certainly this waiver or suspension is not proper without special reasons, and on due security to the other side against loss by it or its consequences.

The defendant here, then, unless the fact is admitted, must first swear that he expects to be able to show collusion in the assignment, and such other facts as would constitute a valid defence, either to the cause of action, or to maintaining the latter further in this court. He must next file good security to pay, at all events, the costs incurred during the delay requested, because in a question of jurisdiction, if the latter is not found to exist, no costs can be awarded. Burnham v. Rangeley [Case No. 2,177]. Finally, he must charge no costs in any event for the present term. On these conditions the motion is granted.